# STATE OF WEST VIRGINIA

## SUPREME COURT OF APPEALS

**FILED**

November 12, 2014
RORY L. PERRY II, CLERK
SUPREME COURT OF APPEALS
OF WEST VIRGINIA

**SUSAN J. MARL,**
**Claimant Below, Petitioner**

**vs.)  No. 13-1269**  (BOR Appeal No. 2048957)
  (Claim No. 2013014726)

**MARSHALL COUNTY BOARD OF EDUCATION,**
**Employer Below, Respondent**

## MEMORANDUM DECISION

Petitioner Susan J. Marl, pro se, appeals the decision of the West Virginia Workers' Compensation Board of Review.

This appeal arises from the Board of Review's Final Order dated November 26, 2013, in which the Board affirmed a November 1, 2013, Order of the Workers' Compensation Office of Judges. In its Order, the Office of Judges denied Ms. Marl's motion for late filing of protest to the December 19, 2012, claims administrator's decision rejecting her application for workers' compensation benefits. The Court has carefully reviewed the records, written arguments, and appendices contained in the briefs, and the case is mature for consideration.

This Court has considered the parties' briefs and the record on appeal. The facts and legal arguments are adequately presented, and the decisional process would not be significantly aided by oral argument. Upon consideration of the standard of review, the briefs, and the record presented, the Court finds no substantial question of law and no prejudicial error. For these reasons, a memorandum decision is appropriate under Rule 21 of the Rules of Appellate Procedure.

West Virginia Code § 23-5-1(b) (2009) states that any claims administrator's decision is final unless it is protested within sixty days of receipt of the decision. West Virginia Code § 23-5-6 (2003) provides that the time period for filing a protest may be extended, upon a showing of good cause, for an additional sixty days. The Office of Judges found that the claims administrator's decision was issued on December 19, 2012; was received by Ms. Marl on January 8, 2013; and her motion for a late filing of protest was dated September 3, 2013. As noted by the Office of Judges, Ms. Marl's protest of the claims administrator's decision was filed

1

well outside the maximum time frame to file a protest enumerated in West Virginia Code § 23-5-6. The Office of Judges then found that it could not accept Ms. Marl's protest because the Office of Judges no longer had jurisdiction over the claim as Ms. Marl's protest was filed outside the allowable time frame for protests contained in West Virginia Code § 23-5-1(b) and West Virginia Code § 23-5-6. The Board of Review reached the same reasoned conclusions in its decision of November 26, 2013. We agree with the reasoning and conclusions of the Board of Review.

For the foregoing reasons, we find that the decision of the Board of Review is not in clear violation of any constitutional or statutory provision, nor is it clearly the result of erroneous conclusions of law, nor is it based upon a material misstatement or mischaracterization of the evidentiary record. Therefore, the decision of the Board of Review is affirmed.

Affirmed.

**ISSUED: November 12, 2014**

**CONCURRED IN BY:**
Chief Justice Robin J. Davis
Justice Brent D. Benjamin
Justice Margaret L. Workman
Justice Menis E. Ketchum
Justice Allen H. Loughry II